UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAY ELLIS POTTER,<br><br>    Plaintiff,<br><br>v.<br><br>CROSS COUNTRY MORTGAGE, INC., et al.,<br><br>    Defendants. | Case No. CV 19-1641 FMO(JC)<br><br>ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE FOR LACK OF VENUE |

## I.  BACKGROUND AND SUMMARY

On March 6, 2019, plaintiff Jay Ellis Potter, who is at liberty, has paid the filing fee, and is proceeding *pro se*, filed a Complaint against: (1) Cross Country Mortgage, Inc. (Lake Zurich, IL); (2) Nationstar Mortgage LLC d/b/a/ Mr. Cooper (Coppell, TX); (3) Rubin Lublin TN, PLLC (Memphis, TN); (4) Henry County [Tennessee] Sheriff's Office (Paris, TN); and (5) 10 John and/or Jane Doe(s). (Complaint at 1).

Very liberally construed, the Complaint appears to challenge the foreclosure and possible sale at auction of plaintiff's "established residence" – real property located at 8029 Highway 641 S., Paris, Tennessee – and to seek solely monetary damages for claims purportedly arising under 42 U.S.C. § 1983 (for civil rights

violations), 18 U.S.C. § 1951 (the Hobbs Act), 18 U.S.C. §§ 1961, et seq. (the Racketeer Influenced and Corrupt Organizations Act), and other provisions. (Complaint at 1, 19-20, 30-32).

For the reasons explained below, plaintiff is ordered, within fourteen (14) days of the date of this Order, to show cause why this action should not be dismissed without prejudice for lack of venue.

## II. PERTINENT LAW

A federal civil action may generally be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b). For venue purposes, a natural person is deemed to reside in the judicial district in which he is domiciled, whereas a defendant entity is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction with respect to the civil action in question. 28 U.S.C. § 1391(c).

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A district court has authority on its own motion to decide the venue issue and to dismiss or transfer an action to a proper venue before a responsive pleading is filed. See Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986). While a court has broad discretion when making such a decision, an action may be transferred to a different venue only when doing so is in "the interest of justice." See id.; Cook v. Fox, 537 F.2d 370, 371 (9th Cir. 1976).

///

## III. DISCUSSION

To date, the record in this action reveals no plausible basis for venue in the Central District of California. The Complaint does not allege the residence of any defendant, much less show that any defendant "resides" in the Central District of California or is otherwise subject to the Court's personal jurisdiction. In fact, the addresses provided by plaintiff for the named defendants are all outside the State of California and instead are in Illinois, Texas, and Tennessee. (Complaint at 1). Nor does it appear that a substantial part of the events or omissions giving rise to the claims in the Complaint occurred or that a substantial part of property that is the subject of the action is situated anywhere in California, much less the Central District of California. Indeed, it appears that the property that is the subject of this action (Complaint at 19-20) is in Paris, Tennessee, which is in Henry County within the Western District of Tennessee (Eastern Division) and that proper venue lies in such district. See 28 U.S.C. § 123(c)(1).

Although it appears that here, as best as the Court can determine, venue lies in the Western District of Tennessee, dismissal for improper venue rather than transfer to such district would be in the interests of justice in light of fundamental pleading defects in the Complaint, the allegations of which fall well short of the requisite "short and plan statement" called for by Rule 8(a) of the Federal Rules of Civil Procedure. See, e.g., King v. Russell, 963 F.2d 1301, 1304 (9th Cir. 1992) (per curiam) (no abuse of discretion to dismiss action for lack of venue where transfer of case to "any district or division in which it could have been brought . . . would not be in the interests of justice"), cert. denied, 507 U.S. 913 (1993); Buchanan v. Manley, 145 F.3d 386, 389 n.6 (D.C. Cir. 1998) (per curiam) (district court did not abuse its discretion in concluding that transfer would not be in the interest of justice where there were "substantive problems" with plaintiff's claims, and "sketchy allegations of the complaint [made] it difficult to determine where [] case could properly be brought").

## IV. ORDERS

In light of the foregoing, IT IS HEREBY ORDERED:

1. Plaintiff shall, **within fourteen (14) days,** show good cause in writing why the Court should not *sua sponte*, dismiss this action without prejudice for lack of venue.

2. Alternatively, in the event plaintiff no longer wishes to pursue this action in the Central District of California, he may instead sign and return the attached dismissal form (or a copy thereof) by the foregoing deadline, which will result in the voluntary dismissal of this action without prejudice to plaintiff's pursuit of his claims in an appropriate venue.

**Plaintiff is cautioned that, absent further order of the Court, his failure timely to respond to this Order to Show Cause by (a) showing good cause in writing why the Court should not *sua sponte*, dismiss this action without prejudice for lack of venue; or (b) returning a completed and signed dismissal form, may result in the dismissal of this action without prejudice for lack of proper venue or the dismissal of this action with or without prejudice for failure diligently to prosecute, and/or for failure to comply with this Order to Show Cause.**

IT IS SO ORDERED.

Attachment

DATED: April 5, 2019

_____/s/_____
HONORABLE FERNANDO M. OLGUIN
UNITED STATES DISTRICT JUDGE